# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL SANCHEZ-PEDRAZA,<br>Defendant. | Case No. 5:21-cr-00439-BLF-3<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>[Re: ECF No. 164] |

Before the Court is Pro Se Defendant Manuel Sanchez-Pedraza's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. § 4A1.1(d) ("Amendment 821"). *See* ECF No. 164. The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 167. The Government filed a brief opposing a reduction in sentence. ECF No. 171. The Court invited Defendant to file an optional reply, ECF No. 166, and no reply has been filed. Defendant is in the custody of the Bureau of Prisons at FCI Lompoc with a projected release date of March 24, 2027.

For the reasons stated below, the Court DENIES the motion.

**I.   BACKGROUND**

On May 31, 2022, Defendant was charged in a one-count Information with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Methamphetamine. ECF No. 141 ("PSR") ¶ 3. He pled guilty to Count One of the Information on October 7, 2022. *Id.* ¶ 4.

Defendant's base offense level was 38, pursuant to U.S.S.G. § 2D1.1. PSR ¶ 17. Because he met the criteria set forth in U.S.S.G. § 5C1.2(a)(1)–(5), Defendant received a two-level

decrease. PSR ¶ 18. He received a further two-level decrease for acceptance of responsibility for the offense pursuant to U.S.S.G. § 3E1.1(a), and an additional one-level decrease for assisting authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a guilty plea pursuant to U.S.S.G. § 3E1.1(b). PSR ¶¶ 24–25. As part of the Plea Agreement, the Parties agreed that Defendant should receive a two-level departure for Group Disposition pursuant to U.S.S.G. § 5K2.0(a)(2)(B). PSR ¶ 27. Therefore, Defendant's total offense level was 31. *Id.* Defendant's total criminal history score was zero, resulting in a criminal history category of I. *Id.* ¶ 31.

Based on a total offense level of 31 and a criminal history category of I, the guideline imprisonment range was 108 to 135 months. *Id.* ¶ 58. The Court sentenced Defendant to a custodial term of 54 months, followed by a term of three years of supervised release. ECF No. 154.

## II. LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step approach for determining whether a sentencing reduction may be granted under § 3582(c)(2). S*ee Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must follow the Commission's instructions in U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Id.* Under § 1B1.10, the Court must determine the amended guidelines range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing. *Id.* Section 1B1.10 limits any reduction in sentence such that the Court may not reduce a sentence to a term "less than the minimum of the amended guideline range."[1] U.S.S.G. § 1B1.10(b)(2)(A). At the second step, the

---

[1] This limitation has one exception that is not applicable here: where the Court originally imposed a sentence below the guidelines range "pursuant to a government motion to reflect the defendant's

Court considers the applicable § 3553(a) factors. *Id.*

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023, and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 struck the Sentencing Guidelines' former provision that added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), *as amended by* Amendment 821. In its place, Part A added a new provision under which 1 status point would be added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Thus, Part A eliminates status points for individuals with 6 or fewer criminal history points and replaces 2 status points with 1 status point for individuals with 7 or greater criminal history points.

Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

---

substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

### III. DISCUSSION

The Court finds that Defendant is ineligible for a sentence reduction under either Part of Amendment 821. First, Defendant does not qualify under Part A because he received zero status points at sentencing. *See* PSR ¶¶ 13–34. Second, although Defendant qualifies for a two-level reduction to his offense level under Part B, Defendant's adjusted offense level of 29 results in an advisory guideline range of 87 to 108 months. Since Defendant's sentence of 54 months is already below the minimum of this amended guideline range, the applicable law does not permit the Court to reduce Defendant's sentence. *See Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10(b)(2)(A). Thus, the Court finds no basis to reduce Defendant's sentence under Part B of Amendment 821, and Defendant's motion is DENIED.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence under Amendment 821 (ECF No. 164) is DENIED.

Dated: September 3, 2024

BETH LABSON FREEMAN
United States District Judge